Harold A. Stevens, J.
This is an article 78 (Civ. Prac. Act) proceeding whereby petitioners seek an order annulling, vacating and setting aside an order of the State Rent Administrator, herein called Administrator, granting a certificate of eviction.
Briefly, the landlord sought to evict certain tenants from the first two floors of certain premises in order to relocate- and expand his business. Application was made under section 59 of the State Rent and Eviction Regulations. At the hearing the *741 Local Bent Administrator considered it under section 54 also. The pertinent portions of the sections provide that a certificate shall issue where the landlord “ seeks in good faith to permanently withdraw occupied housing accommodations from both the housing and non-housing rental markets without any intent to rent or sell all or any part of the land or structure and (1) that he requires the entire structure containing the housing accommodations or the land for his own immediate use in connection with a business which the landlord owns and operates in the immediate vicinity” (§ 59).
While section 54, after enumerating sections under which the Administrator may issue an order granting a certificate, sets forth, “ The Administrator may also issue orders granting certificates in other cases if the requested removal or eviction is not inconsistent with the purposes of the Act or these Begulations and would not be likely to result in the circumvention or evasion thereof.”
Admittedly the landlord does not now seek to withdraw the entire structure from the rental market, but only the first two floors. We must determine then if the action of the Administrator falls within the orbit of the “ other cases ” referred to in section 54, and whether the granting of the certificate under the circumstances here revealed is inconsistent with the purposes of the act and regulations or would result in an evasion thereof.
The landlord has owned and operated a business in the immediate vicinity for over 20 years. True there is not a complete identity of persons. The landlord in this case being a partnership of two natural persons only one of whom has a one-half interest in the business. The ownership of the building being-vested in a parent and child, as is the business, though the child holding the separate half interest is not the same in each instance.
The Administrator points out that the operation of the landlord’s business in the subject building “ would not be permitted above the first two floors because of the requirements of law,” and concludes that the issuance of the certificates would not be in contravention of the act or regulations.
To require the landlord to insist upon the withdrawal of the entire structure from the rental market when he would not be permitted to' utilize it for business purposes, and which might subject bim to certain penalties if the premises were not used, is in effect to insist by such withdrawal upon hardship to a greater number of persons than is deemed necessary. The balancing of equities would seem to dictate the course adopted and restrict the number of tenants affected.
*742 Where there is a family business and ownership as here shown there is such identity of persons as falls within the statute and regulations.
We cannot say under the circumstances here revealed that the act of the Administrator was unreasonable, arbitrary or capricious. Accordingly the petition is dismissed.